|  | UNITED STATES DISTRICT COURT | Priority \_\_\_\_ |
|---|---|---|
| JS - 6 | CENTRAL DISTRICT OF CALIFORNIA | Send \_\_\_\_ |
|  |  | Enter \_\_\_\_ |
|  | CIVIL MINUTES - GENERAL | Closed \_\_\_\_ |
|  |  | JS-5/JS-6 \_\_\_\_ |
|  |  | Scan Only \_\_\_\_ |

CASE NO.:  CV 12-07052 SJO (RZx)                    DATE: September 13, 2012

TITLE:     Marc Myerson v. Darling International Inc., et al.

========================================================================

PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                         Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Darling International Inc.'s ("Defendant") Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b) ("Notice"), filed on August 15, 2012. For the following reasons, the Court **REMANDS** this action to Los Angeles Superior Court.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following facts. Defendant employed Plaintiff as an Account Manager from approximately July 2011 to February 24, 2012. (Notice Ex. 1 ("Compl.") ¶¶ 6-7, Aug. 15, 2012, ECF No. 1.) Defendant terminated Plaintiff's "employment shortly after he reported a work-related injury resulting in a physical disability." (Compl. ¶ 7.) Plaintiff filed a complaint in Los Angeles County Superior Court against Defendant on July 10, 2012. Plaintiff alleges two causes of action: (1) Employment Discrimination - Physical Disability; and (2) Wrongful Termination in Violation of Public Policy. (*See generally* Compl.) On August 15, 2012, Defendant removed this action to the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(a)-(b). (Notice 1:24-28, Aug. 15, 2012, ECF No. 1.)

II.     DISCUSSION

The Court raises the issue of subject matter jurisdiction *sua sponte*. The Court finds that Defendant has failed to establish subject matter jurisdiction under § 1332(a)(1) and § 1441(a) because it does not state facts adequate to support its assertion of complete diversity, or that the amount in controversy exceeds $75,000.

        A.      *Sua Sponte* Consideration of Subject Matter Jurisdiction

The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-07052 SJO (RZx)          DATE: September 13, 2012

826 (9th Cir. 2002). A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The Court finds it appropriate to determine, *sua sponte*, whether subject matter jurisdiction exists in the present case.

    B.    Legal Standard for Proper Removal

Under § 1441, a defendant may remove an action to federal court only if the federal court would have had jurisdiction if the action had been brought there originally. 28 U.S.C. § 1441(a). There are two traditional bases for federal subject matter jurisdiction: (1) federal question; and (2) complete diversity. 28 U.S.C. §§ 1331, 1332(a). Because Plaintiff does not assert a federal claim pursuant to § 1331, only diversity of citizenship under § 1332(a) is at issue in this case. Section 1332(a)(1) vests federal courts with jurisdiction over actions where there is complete diversity of citizenship among the parties and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a)(1). "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

It is well established, however, that courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

    C.    Diversity of Citizenship

The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it, and diversity jurisdiction must be supported by competent proof. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194-95 (2010). The party asserting diversity jurisdiction must establish "complete" diversity, meaning that no plaintiff may be a citizen of the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Defendant's Notice fails to establish complete diversity because it does not state facts adequate to support its assertion of Defendant's citizenship. Defendant states that "Defendant Darling International, Inc., was, at the time of filing the Complaint, and still is, a resident and citizen of the state of Delaware, and Plaintiff alleges as such in his Complaint." (Notice ¶ 7.) Defendant also states "Defendant Darling International, Inc., is a limited liability company organized under the laws of the State of Delaware" (Notice ¶ 8) and that its "principal place of business is in Irving, Texas" (Notice ¶ 9).

For diversity purposes, a corporation is considered to be a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c). A limited liability company, such as Defendant Darling International Inc., however, is a citizen of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

JS - 6

| | |
|---|---|
| **CASE NO.:** CV 12-07052 SJO (RZx) | **DATE:** September 13, 2012 |

every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant has failed even to identify the members of its limited liability company, much less establish the citizenship of each individual member. Without knowing the identity or citizenship of the members of Darling International Inc., the Court cannot possibly determine whether complete diversity of citizenship exists amongst the parties. Defendant's bare assertions as to the citizenship of the parties fall short of meeting its burden to establish diversity of citizenship in this case.

### D.   Amount in Controversy

Even if Defendant had adequately alleged complete diversity of citizenship amongst the parties, it has failed to establish that the Court has jurisdiction under § 1332(a)(1). Under § 1332(a)(1), Defendant has the burden of proving that the amount in controversy in the present action exceeds the jurisdictional minimum of $75,000, exclusive of interests and costs. In this regard, Defendant is held to a preponderance of the evidence standard of proof. The Court concludes Defendant has not carried its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum.

#### 1.   Preponderance of the Evidence Standard of Proof

"[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the . . . defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional minimum]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The preponderance of the evidence standard of proof requires the defendant to prove that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. *Id.*

In the Complaint, Plaintiff states the types of damages he seeks. (*See generally* Compl.) The Complaint, does not, however, specify dollar amounts for the alleged damages. Nor does Plaintiff allege any other facts that clearly establish the amount in controversy for these claims. To the contrary, the Complaint lists the damages he sought, "the precise amount to be proven at the time of trial, but exceeding the jurisdictional minimum of this court." (Compl. ¶ 18.) Therefore, the only figure alluded to by Plaintiff is the $25,000 jurisdictional minimum required by the state court in which he filed his complaint. (*See* Compl. 1.)

Because the Complaint does not specify a particular amount of damages, Defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum.

#### 2.   Failure to Establish the Requisite Amount in Controversy

To carry its burden of proving the amount in controversy, a defendant must prove "the *underlying facts* supporting its assertion that the amount in controversy exceeds [the jurisdictional minimum]." *Gaus*, 980 F.2d at 567. "Conclusory allegations as to the amount in controversy are insufficient."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 12-07052 SJO (RZx)          **DATE:** September 13, 2012

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). Accordingly, a defendant "may rely on calculations to satisfy [its] burden so long as [its] calculations are good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, No. CV 10-01141, 2011 WL 499390, at *2 (C.D. Cal. 2011).

In an attempt to carry its burden, Defendant contends that Plaintiff's claim for damages exceeds $75,000. (Notice ¶ 15.) Defendant argues that if "Plaintiff was to succeed on his claims, the backpay award alone to date would be $21,249.99 (6 months of his annual salary), exclusive of any bonus or interest." (Notice ¶ 15(b).) In addition, Defendant argues that Plaintiff seeks punitive damages and attorneys' fees exceeding $25,000 (Notice ¶¶ 15(a)), and that Plaintiff may be entitled to damages from emotional distress (Notice ¶ 15(d)), commissions, and other employment benefits (Notice ¶¶ 15(b)-(c)).

While Defendant's assertions may be true, it must prove "the *underlying facts* supporting its assertion." *Gaus*, 980 F.2d at 567. Defendant provides factual support for its assertion that Plaintiff may be entitled to $21,249.99 in backpay, but fails to provide support for its other assertions. To support its calculation of $21,249.99 in damages for backpay, Defendant cites the Declaration of Julie Brewster, "Human Resources Manager for Defendant Darling International, Inc." (Notice ¶ 15(b); Decl. of Julie Brewster ¶ 1, Aug. 15, 2012, ECF No. 3.) Ms. Brewster states that at the time Plaintiff's employment with Defendant ended on February 24, 2012, Plaintiff was earning an annual salary of $42,500.00. (Brewster Decl. ¶ 2.) The backpay damages of $21,249.99 are calculated as six months of Plaintiff's annual salary. (Notice ¶ 15(b).) Defendant has therefore sufficiently alleged that Plaintiff may be entitled to $21,249.99 in backpay damages.

Defendant fails to provide any evidence to sufficiently allege any other amount of damages, including emotional distress damages, punitive damages, attorneys' fees, and costs of suit. *See Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim *could* total a large sum of money . . . ."). Neither the Complaint nor any other pleadings establish the amount of any of these damages, and Defendant has not cited to or filed any declarations or affidavits that attest to these damages. Defendant also has not cited any cases awarding such damages in similar cases. Defendant merely recounts the type of damages at issue (*See* Notice ¶ 15(a)), and then makes "[c]onclusory allegations as to the amount in controversy." *Matheson*, 319 F.3d at 1090-91. Defendant has therefore failed to prove the amount that may be owed to Plaintiff for emotional distress damages, punitive damages, attorneys' fees or costs of suit.

Defendant also does not provide sufficient evidence to support its claim that Plaintiff was entitled to commissions or other employment benefits. Defendant states that "Plaintiff was eligible to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS - 6

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| CASE NO.: <u>CV 12-07052 SJO (RZx)</u> | DATE: <u>September 13, 2012</u> |

participate in a commission and incentive program, health care insurance program, 401k program and vacation plan." (Compl. ¶ 15(c).) Ms. Brewster states that:

> Plaintiff was eligible to receive commissions and incentive pay up to a maximum of 25% of an employee's total W-2 earnings which would be $10,625.00 in Plaintiff's case. Darling employees also receive health care fringe benefits at a company cost of approximately $10,500.00 per employee, two weeks' vacation per year, and are eligible for up to a maximum 1.5% 401k match and year end 401k contribution.

(Brewster Decl. ¶ 3.) Although Defendant may have been eligible to participate in these programs, Plaintiff provides no evidence that Defendant actually participated in any or all of these programs. For example, it provides no evidence of the amount of any commissions earned by Plaintiff during his employment with Defendant, or of the amount of any 401k contribution. Defendant has therefore offered no proof to support the figures cited by Ms. Brewster and has failed to prove the amount of any damages that may be owed to Plaintiff as a result of his participation in Defendant's employer-provided programs.

In sum, the only amount of damages Defendant has sufficiently alleged is that Plaintiff may be entitled to is $21,249.99 in backpay. Defendant has therefore failed to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interests and costs. Thus, the Court does not have jurisdiction under § 1441(a) and § 1332(a)(1).

III.  RULING

For the foregoing reasons, the Court **REMANDS** this case to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

```
cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 488049
```